IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYMOND JOSEPH ZBYLUT, ) | CASE NO. 8:10CV60 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| CITY OF OMAHA, OMAHA POLICE ) | |
| DEPARTMENT, and CORY ) | |
| CLEMENTS, Officer, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed his Complaint in this matter on February 11, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on February 11, 2010, against the City of Omaha, the Omaha Police Department ("OPD"), and OPD Officer Cory Clements. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Defendant Clements assaulted him following a minor traffic accident. (Id. at CM/ECF p. 2.) Because of the assault, Plaintiff "ended up in the emergency room [with] multiple bruising." (Id. at CM/ECF p. 4.) Plaintiff further alleges that OPD officers edited video evidence of the assault in order to "cover up" the incident. (Id. at CM/ECF p. 3.) Plaintiff seeks "criminal and other remedies against Defendants."[1] (Id. at CM/ECF p. 5.)

---

[1] To the extent Plaintiff seeks criminal remedies against Defendants, a private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Collyer v. Darling, 98 F.3d 211, 222 (6th Cir. 1996); see also United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

---

that generally rest in the prosecutor's discretion.").

*West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff names the City of Omaha, the OPD, and OPD Officer Clements as Defendants in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes a suit against the OPD as being a suit against the City of Omaha, Nebraska. Further, the court construes Plaintiff's suit as being against Defendant Clements in his official capacity only, as Plaintiff did not specify whether Defendant was being sued in his official or personal capacity. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (holding that absent an express statement that defendant public servants are being sued in their individual capacity, § 1983 suits will be construed as being against defendants in their official capacity). A suit against Defendant in his official capacity is merely a suit against his public employer. *See id.* Accordingly, the court liberally construes claims against all Defendants as claims against the City of Omaha, Nebraska.

As a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County,* 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

3

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Omaha employees, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the City of Omaha in accordance with the *Jane Doe* standard. Any amended complaint must restate the allegations of Plaintiff's prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 1, 2010**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1.) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 1, 2010; and

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 30th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.